**SHAWVER & SON, INC., an Oklahoma corporation, Plaintiff-Appellant,**

v.

**OKLAHOMA GAS & ELECTRIC COMPANY, an Oklahoma corporation, Defendant-Appellee.**

**No. 71–1678.**

United States Court of Appeals, Tenth Circuit.

June 28, 1972.

William H. Sullivan, Oklahoma City, Okl. (Claude E. Love, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

Gordon F. Rainey, Oklahoma City, Okl., for defendant-appellee.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from the granting of a motion for summary judgment entered on July 15, 1971, by the United States District Court for the Western District of Oklahoma.

Appellant is an electrical contractor in Oklahoma City, Oklahoma. Appellee, Oklahoma Gas and Electric Company (O G & E), is an electric public utility with its principal office in Oklahoma City. O G & E transmits and receives electric current across the state lines of the State of Oklahoma as well as within the state. In the transaction of its general business, O G & E contracts directly and independently with various types of building contractors for work on its premises. The usual practice is to let a sizeable contract to a primary building contractor, who in turn subcontracts with various subcontractors, each to do a certain portion of the entire contract. The Shawvers had done work in the past for O G & E. However, in October, 1970, the president of O G & E informed the Shawvers that they were no longer acceptable for work on O G & E property.

The Shawvers commenced this action, alleging anti-trust violations of §§ 4 and 6 of the Clayton Act, and praying for treble damages. The basis of the allegations was the action on the part of O G & E to direct various general contractors to refuse to employ the Shawvers as a subcontractor on any contracts the general contractors had with O G & E. The utility company moved for summary judgment. Based on affidavits filed by the Shawvers, the depositions of John W. Shawver and John W. Shawver II, and the testimony adduced at the hearing on the motion, the trial court granted summary judgment to O G & E.

The Shawvers appeal the grant of summary judgment in favor of O G & E, arguing that the trial court erred in granting the motion and further that the complaint, affidavits, and depositions establish sufficient allegations of anti-trust violations to warrant a trial on the merits. The issue presented on appeal is whether the trial court correctly granted O G & E's motion for summary judgment.

Summary judgment was granted by the trial judge on the basis that the pleadings, affidavits and depositions before the court presented no genuine issue of fact; O G & E was therefore entitled to summary judgment as a matter of law. F.R.Civ.P. 56(c). On appeal from the grant of summary judgment, the record will be viewed in the light most favorable to the party against whom summary judgment was granted. Bldg. Mart, Inc. v. Allison Steel Mfg. Co., 380 F.2d 196 (10th Cir. 1967). Applying this standard of review to the record, we find the trial judge's grant of summary judgment to be correct.

Case law interpreting anti-trust statutes has established that in the absence of any purpose to create or maintain a monopoly, anti-trust laws do not restrict the right of any concern to deal with whom it pleases. United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992 (1919); Naifeh v. Ronson Art Metal Works, 218 F.2d 202 (10th Cir. 1954). The Shawvers admit that O G & E had declined to employ them for any electrical work on O G & E's own property. The complaint, affi-

davits and depositions, even viewed in the light most favorable to the Shawvers, present no genuine issue of any attempt by O G & E to conspire with anyone to boycott the Shawvers. As no genuine anti-trust issue was presented in the trial court, O G & E was entitled to summary judgment as a matter of law.

Affirmed.